United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-26-5927 |
| v. | § | (CRIMINAL NUMBER H-18-339-04) |
| | § | |
| FRASIEL HUGHEY, | § | |
| | § | |
| Defendant/Petitioner. | § | |

# MEMORANDUM OPINION AND ORDER

Frasiel Hughey ("Petitioner") pleaded guilty to distribution of a controlled substance and was sentenced to 240 months in custody.[1] Pending before the court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's Second § 2255 Motion") (Docket Entry No. 560). The Government has filed the United States' Response in Opposition to Defendant Frasiel Hughey's Motion to Vacate, Set Aside or Correct a Judgment or Sentence ("Government's Response") (Docket Entry No. 564) (sealed). For the reasons explained below, Petitioner's Second § 2255 Motion will be denied.

## I. Background

On June 19, 2018, Petitioner was indicted along with multiple codefendants on one count of conspiracy to unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and two counts of unlawfully distributing and dispensing controlled substances in violation

[1] Judgment in a Criminal Case, Docket Entry No. 431, pp. 1-3. All page numbers reference the pagination imprinted at the tope of the page by the court's Electronic Case Filing System.

of 21 U.S.C. § 841.[2] On March 18, 2022, Petitioner pleaded guilty to the Indictment without a plea agreement.[3] On June 23, 2022, the court sentenced Petitioner to 240 months on Counts 1, 2, and 3 to run concurrently for a total sentence of 240 months in custody.[4]

On June 28, 2022, Petitioner filed a Notice of Appeal with the Fifth Circuit.[5] However, because Defendant's appellate counsel missed the court's deadlines for filing an opening brief, the Fifth Circuit dismissed Petitioner's appeal for want of prosecution on January 9, 2023.[6]

On March 28, 2024, Petitioner filed his first § 2255 motion, arguing that both his trial and appellate counsel were ineffective.[7] On May 13, 2024, the Government responded, arguing that Petitioner's motion was untimely and that he failed to establish that his trial counsel provided ineffective assistance.[8] On August 8, 2024, the court entered a Memorandum Opinion and Order in this case, discussing the relevant background:

> Petitioner was indicted along with multiple codefendants on June 19, 2018, on one count of conspiracy to unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and two counts of unlawfully distributing and dispensing controlled substances in violation of 21 U.S.C. § 841.

---

[2]Indictment, Docket Entry No. 1, pp. 1, 5, 9-10, 14.

[3]Re-Arraignment Before the Honorable Sim Lake, Docket Entry No. 500, p. 3 lines 13-20.

[4]Transcript of Sentencing Hearing, Docket Entry No. 488, p. 4 lines 20-25, p. 9 lines 7-12.

[5]Decision Regarding My Appeal ("Notice of Appeal"), Docket Entry No. 433.

[6]Memorandum Opinion and Order, Docket Entry No. 540, p. 3; Fifth Circuit's Judgment, Docket Entry No. 517, p. 1.

[7]Petitioner's First Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, Docket Entry No. 524, pp. 4-5.

[8]United States' Response in Opposition to Defendant Frasiel Hughey's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, Docket Entry No. 529, pp. 8-10.

On January 18, 2022, Petitioner filed a motion to suppress items seized from the search of his home. On January 20, 2022, with a scheduled trial date for Petitioner and a codefendant approaching, the court conducted a pretrial conference. Defense counsel for Petitioner, David Finn, emailed the court stating that he would not make it to the conference, citing a fever. Finn did not respond to the court's attempts to arrange for him to join via Zoom. The court deferred addressing Petitioner's Suppression Motion. On January 26, 2022, the court entered a written order denying Petitioner's Suppression Motion.

On February 10, 2022, the court conducted a pretrial conference. Petitioner appeared, but Finn did not. The Government stated its plea offer to Petitioner for the record:

> The plea was to Count 1, the conspiracy to distribute a controlled substance. The relevant conduct included the drugs that were purchased by co-Defendant Lisa Jones from CC Pharmacy on behalf of [Petitioner] which corresponded with a converted drug weight of slightly more than 35,000 kilograms and a base offense level of 36. We would dismiss the remaining counts. There are two other substantive counts charged for [Petitioner] in the [I]ndictment. He would agree to a 2-point enhancement for manager or supervisor, and he would receive a 3-point reduction for acceptance of responsibility.

The court ordered Finn to appear on February 11, 2022, to show cause why he should not be held in contempt. Finn failed to appear, and the court pushed the scheduled jury trial back two weeks.

. . .

On March 18, 2022, Petitioner appeared with Finn for rearraignment and declared his intent to plead guilty to the Indictment without a plea agreement. Petitioner stated that he had spoken about the case with Finn about eight times over the course of the case and three or four times in the week leading up to the rearraignment. Petitioner confirmed that he discussed with Finn the charges against him, what the Government would have to prove, what evidence the Government had, and how the Federal Advisory Sentencing Guidelines might apply. Petitioner confirmed that Finn had answered all of his questions, that Finn did everything that Petitioner asked him to do, and that Petitioner was fully satisfied with Finn's advice and counsel. The parties disclosed to the court that despite the absence of a plea agreement, the Government had agreed to limit the relevant conduct to transactions between Petitioner and Lisa Jones or Rita Miller. Petitioner confirmed that he understood that there was no binding agreement to that effect. Petitioner pleaded guilty to Counts One, Two, and Three, and the court accepted Petitioner's plea.

> In advance of sentencing Petitioner filed letters from close friends and family expounding on his character, which the court read and considered. At his sentencing, Petitioner confirmed that he had read the Presentence Investigation Report, that he had discussed it with Finn, and that he had no objections. The Government objected to the additional one-level downward adjustment for acceptance of responsibility complaining about the untimeliness of the guilty plea. The court denied the Government's objection, stating that "[a]ny delay in pleading guilty was due to the difficulty in scheduling Mr. Finn's appearance." Based on a Total Offense Level of 38 and Criminal History Category II, Petitioner's guidelines range was 262 to 327 months in custody. The Government recommended a downward variance to 240 months on each count to run concurrently. Finn argued for a lower sentence based on the letters of support, the age of Petitioner's criminal history, the relative sentences of codefendants, and Petitioner's age. The court granted the Government's motion for a downward variance and sentenced Petitioner to 240 months on Counts 1, 2, and 3 to run concurrently.[9]

The court denied Petitioner's § 2255 motion, concluding that it was untimely and that Petitioner had failed to establish ineffective assistance of trial counsel.[10] With respect to Petitioner's appellate counsel, the court stated that "[a]lthough the failure . . . to file an appellant's brief is ineffective assistance, this does not excuse Petitioner from the one-year statute of limitations to file a § 2255 motion."[11]

On August 24, 2024, Petitioner filed his Motion for Reconsideration.[12] On April 8, 2025, after the Government acknowledged that Petitioner's first § 2255 motion was timely and that he received ineffective assistance of counsel on appeal, the court granted Petitioner's Motion for Reconsideration.[13] The court ordered that Petitioner's judgment of conviction be "re-enter[ed]" in

---

[9]Memorandum Opinion and Order, Docket Entry No. 531, pp. 2-6.

[10]Id. at 13-14.

[11]Id.

[12]Defendant's Rule 59 Motion for Reconsideration, Docket Entry No. 534.

[13]Memorandum Opinion and Order, Docket Entry No. 540, pp. 5-6, 11-12.

order to "restart the time for appeal."[14] The court also held that it was "preclude[d] . . . from adjudicating [Petitioner's] remaining § 2255 claim [regarding ineffective assistance of his trial counsel] until after [his] out-of-time appeal" and therefore dismissed his first § 2255 motion without prejudice.[15]

On April 18, 2025, Petitioner appealed the final judgment re-entered on April 8, 2025, for an out-of-time appeal to the Fifth Circuit, which dismissed it as frivolous.[16]

On January 30, 2026, Petitioner filed his Pro Se Motion for Access to Sealed Docket Entries requesting access to Docket Entry Nos. 254, 258, 259, 274, 276, 277, 318, and 368.[17] On July 14, 2026, before a ruling was made on his Motion for Access, Petitioner filed his Second § 2255 Motion, reasserting his claim that his trial counsel, Mr. Finn, was ineffective.[18] On July 28, 2026, the court ordered the Government to file a response to Petitioner's Motion for Access.[19] The Government responded to Petitioner's Second § 2255 Motion on August 21, 2026,[20] and responded to Petitioner's Motion for Access on August 24, 2026.[21]

---

[14]Id. at 8.

[15]Id. at 2.

[16]Notice of Appeal, Docket Entry No. 542; Unpublished Order, Docket Entry No. 557.

[17]Pro Se Motion for Access to Sealed Docket Entries ("Petitioner's Motion for Access"), Docket Entry No. 558, p. 2. Petitioner also filed his Pro Se Motion for Status Update and to Expedite Consideration of Pending Motion for Access to Sealed Docket Entries (Docket Entry No. 559).

[18]Petitioner's Second § 2255 Motion, Docket Entry No. 560, p. 6.

[19]Order, Docket Entry No. 563.

[20]Government's Response, Docket Entry No. 564 (sealed).

[21]United States' Response to Defendant Frasiel Hughey's Motion for Access to Sealed Docket Entries, Docket Entry No. 565 (sealed).

On August 26, 2026, the court granted Petitioner's Motion for Access as to Docket Entry Nos. 259, 276 (redacted), and 318, and denied it as to Docket Entry No. 274.[22] The court ordered the clerk to mail Petitioner copies of Docket Entry Nos. 259, 276 (redacted), and 318, and gave Petitioner 20 days from receipt of the documents to file an amended § 2255 motion or to advise the court that he does not wish to amend his Second § 2255 Motion.[23] On September 15, 2026, Petitioner advised the court that he did not wish to amend his Second § 2255 Motion.[24]

Petitioner filed a reply to the Government's Response to his Second § 2255 Motion on September 19, 2026.[25]

## II. Legal Standard

"[A] claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal." United States v. Conley, 349 F.3d 837, 839 n.1 (5th Cir. 2003) (internal quotation marks omitted). To prevail on an ineffective assistance of counsel claim, a convicted defendant must show (1) that defense counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).

Performance is deficient if the defendant's lawyer "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "[A] court

---

[22]Memorandum Opinion and Order, Docket Entry No. 566, p. 3.

[23]Id.

[24]Notice of Election Not to Amend § 2255 Motion, Docket Entry No. 569, p. 3 ¶ 5.

[25]Movant's Reply to the United States' Answer and Motion for Summary Judgment, Docket Entry No. 570.

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 2065. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 2066.

To show prejudice a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. "In the plea bargaining context, a reasonably competent lawyer must attempt to learn all of the relevant facts of the case, make an estimate of the likely sentence, and communicate the results of that analysis to the client[.]" Brock-Miller v. United States, 887 F.3d 298, 308 (7th Cir. 2018). To establish prejudice in the context of a rejected plea offer, the "defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

## III. Analysis

Petitioner argues that he is entitled to habeas relief because his trial counsel (1) failed to appear at critical stages of his proceedings, (2) failed to be effective at the plea stage, (3) failed to preserve his right to appellate review of the court's suppression ruling, and (4) failed to be effective at sentencing.[26]

[26]Petitioner's Second § 2255 Motion, Docket Entry No. 560, pp. 5-8, 11.

**A. Counsel was not ineffective for failing to appear at four different hearings.**

Petitioner argues that he was denied access to counsel at critical stages because Mr. Finn failed to appear at multiple proceedings.[27]

"After attachment occurs, a defendant is entitled to the presence of appointed counsel during any critical stage of the postattachment proceedings." United States v. Portillo, 969 F.3d 144, 161 (5th Cir. 2020) (internal quotation marks omitted). "Neither the Supreme Court nor the Fifth Circuit have delineated all of the critical stages at which a defendant is entitled to the presence of counsel under the Sixth Amendment." United States v. Pleitez, 876 F.3d 150, 157 (5th Cir. 2017). "However, both courts have identified some general characteristics that help to determine whether a proceeding gives rise to a Sixth Amendment right to counsel." Portillo, 969 F.3d at 161. A critical stage is a "trial-like confrontation, at which counsel would help the accused in coping with legal problems or meeting his adversary." Rothgery v. Gillespie County, Texas, 128 S. Ct. 2578, 2591 n.16 (2008) (internal quotation marks omitted). During a critical stage, "the results of the confrontation might well settle the accused's fate and reduce the trial . . . to a mere formality." United States v. Gouveia, 104 S. Ct. 2292, 2298 (1984) (internal quotation marks omitted). In other words, "[a] stage is . . . critical where circumstances indicate that counsel's presence is necessary to ensure a fair process." Pleitez, 876 F.3d at 157-58 (internal quotation marks omitted).

Petitioner was not denied access to counsel at critical stages. Although Mr. Finn was absent from the January 20, 2022, February 10, 2022, and February 11, 2022, pretrial conferences, none of those court dates were critical. At the January 20 pretrial conference, the court avoided addressing

[27] Id. at 5.

issues related to Petitioner without his counsel present.[28] The February 10 pretrial conference was similar. Although the court asked the Government to state the plea offer to Petitioner on the record, Petitioner was not required to make a decision on the plea.[29] When Mr. Finn failed to appear for the February 10 pretrial conference, the court ordered Mr. Finn to appear before the court on February 11, 2022, to show cause why he should not be held in contempt for failure to appear at the February 10 pretrial conference.[30] On February 11, 2022, after it was clear that Mr. Finn was not going to make an appearance, the court simply rescheduled the jury trial to February 28, 2022.[31] At no time during the January 20, February 10, or February 11 pretrial conferences was Petitioner forced into a "trial-like confrontation" without counsel. Portillo, 969 F.3d at 161.

The court previously held that Mr. Finn's failure to appear did not prejudice Petitioner under Strickland:

> The court need not decide whether Finn's errors amount to constitutionally deficient performance because any alleged errors did not cause Petitioner prejudice. Although there was a stretch of time when Finn missed hearings, the court delayed and ultimately severed Petitioner's case to ensure he could make an informed and counseled decision whether to go to trial or to plead guilty. Petitioner confirmed that by his rearraignment, he had discussed the charges, evidence, and sentencing guidelines with Finn and that he was fully satisfied with Finn's counsel. To avoid penalizing Petitioner for delays attributable to Finn, the court rejected the

[28]Transcript of Proceedings Before the Honorable Sim Lake – Pretrial Conference, Docket Entry No. 220, p. 4 lines 3-6 ("We have contacted repeatedly – or attempted to contact Mr. Finn by telephone or e-mail to arrange for a Zoom conference. He has not responded. So, we won't deal with [Petitioner's] pending motion or the questions I had for Mr. Finn.").

[29]Transcript of Proceedings Before the Honorable Sim Lake – Pretrial Conference, Docket Entry No. 258, p. 23 line 21 thru p. 24 line 9.

[30]February 10, 2022, Hearing Minutes, Docket Entry No. 254.

[31]Hearing, Docket Entry No. 259, p. 1.

Government's argument that Petitioner was not entitled to a full three-point reduction for timely acceptance of responsibility.[32]

For the reasons explained above, the court finds that Petitioner has failed to establish the prejudice prong of the Strickland test for this claim.

**B. Counsel was not ineffective at the plea stage.**

Petitioner argues that counsel was ineffective during the plea stage because his counsel failed to disclose that he "was days [away] from inpatient psychiatric hospitalization."[33] Petitioner argues that but for this deficient performance, he would not have proceeded on the terms that occurred and would have sought substitute counsel.[34]

"[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 106 S. Ct. 366, 370 (1985). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. Moreover, when a defendant rejects a plea agreement and goes to trial, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler, 132 S. Ct. at 1385.

---

[32]Memorandum Opinion and Order, Docket Entry No. 531, p. 11.

[33]Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petitioner's Memo in Support of Second § 2255 Motion"), Docket Entry No. 561, p. 15.B.

[34]Id. at 15.C.

Petitioner fails to allege that he would have pleaded not guilty and insisted on going to trial if he had known about Mr. Finn's record. He also fails to identify how pleading pursuant to a plea agreement or retaining new counsel would have made his sentence less severe than under the judgment and sentence that in fact were imposed. Moreover, the court previously found that Petitioner "failed to show a 'reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different.'"[35]

Therefore, the court finds that Petitioner's allegations regarding Mr. Finn's record and health are insufficient to satisfy either prong of Strickland v. Washington.

**C. Counsel was not ineffective for failing to preserve the suppression ruling for appeal.**

Petitioner argues that but for Mr. Finn's deficiencies, Petitioner would have entered a conditional plea under Fed. R. Crim. P. 11(a)(2), which provides, "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."[36] However, Petitioner "has not shown either entity would have been amenable to such a plea. Thus, his unsupported contention that it was unreasonable for [Mr. Finn] to fail to preserve the issue in this manner is wholly without merit." United States v. Hogan, CRIMINAL ACTION NO. 19-0003-02, 2024 WL 4537154, at *5 (W.D. La. Oct. 21, 2024).

Moreover, "[e]ven assuming [Petitioner] had been able to enter into this type of plea agreement, . . . [Petitioner] has not shown an appeal based on [his Motion to Suppress] would have been successful." Id. The court therefore finds that Petitioner's allegations regarding Rule 11(a)(2) are insufficient to satisfy either prong of Strickland v. Washington.

---

[35]Memorandum Opinion and Order, Docket Entry No. 531, pp. 11-12.

[36]Petitioner's Memo in Support of Second § 2255 Motion, Docket Entry No. 561, pp. 14-15.

**D. Counsel was not ineffective at sentencing.**

Petitioner argues that Mr. Finn was constitutionally ineffective for failing to object to several enhancements under the Presentence Investigation Report.[37] Specifically, Petitioner argues that his counsel should have objected to the drug quantity, the firearm enhancement, the premises enhancement, and the role enhancement.[38]

As was made clear by the Revised Presentence Investigation Report, Petitioner's sentencing enhancements were based on trial testimony, exhibits, and Defendant's own admissions.[39] "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) (explaining that counsel is not required to file futile motions "because the result of the proceeding would not have been different had [counsel] raised the issue").

Petitioner also argues that his counsel was ineffective for failing to highlight Petitioner's traumatic upbringing at sentencing. But the court granted Petitioner a 52-month variance based on his counsel's and the government's arguments.[40] Petitioner has not asserted that the facts he claims counsel omitted from sentencing would have resulted in a different sentence. Moreover, the court previously dismissed this argument:

> Although Finn did not file a sentencing memorandum, the court carefully considered the letters of support and Finn's oral sentencing arguments. Taking as true all of the

[37] Id. at 17-18.

[38] Id.

[39] Revised Presentence Investigation Report, Docket Entry No. 401, pp. 9-10 ¶¶ 32-33.

[40] Government's Response, Docket Entry No. 564, p. 20 (sealed).

> information that Petitioner now presents about his upbringing, the court remains confident that the appropriate sentence was 240 months on each count, run concurrently.[41]

The court therefore finds that Petitioner's allegations regarding his sentencing are insufficient to satisfy either prong of Strickland v. Washington.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under that controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Because the court concludes that reasonable jurists could not find any of Petitioner's claims meritorious, a certificate of appealability will be denied.

---

[41]Memorandum Opinion and Order, Docket Entry No. 531, p. 11.

## V. Conclusion and Order

For the reasons explained above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 560) is **DENIED**.

Because the court concludes that no reasonable jurist could find any of Petitioner's claims meritorious, a certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 16th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE